October 23, 1860.

## SUPREME COURT—HABEAS CORPUS.

### IN THE MATTER OF JOHN EVANS.

A SEAMAN to be treated as a deserter under the United States Act of 1790, must be shown to have quitted the ship without leave by an entry made in the log-book, and had been absent forty-eight hours, and by the general maritime law, to have left the ship with an *intention* to desert.

The usage that a seaman is bound to remain eight days by the vessel after she is anchored in port in safety, must be sufficiently established, and also be definite and reasonable, otherwise his leaving the ship during that period, would not be regarded as a desertion.

Before Justice ROBERTSON, at Chambers.

PER CURIAM:—As the case is presented before the Court, I think Evans is entitled to be discharged.

In my opinion he is not liable to be treated as a deserter, under the United States Navigation Act of 1790 ; or by reason of any stipulation in his contract as evidenced by the shipping articles ; or under the general maritime law.

In regard to the binding force of the usage or custom which is alleged to exist at this port, by which seamen shipped under the same circumstances with Evans, are obliged to remain by their ships for eight days after their return at the end of the cruise, I do not think it is necessary in this case that I should give a positive opinion. I have considerable doubt as to whether the usage is shown to have become sufficiently established, and to be so definite and reasonable, that the Court should regard it as binding.

But, admitting that such a usage does exist, and that Evans left his ship without leave, before the eight days after her arrival had expired, but after she had been anchored in safety within the harbor, he could not for that reason be arrested and imprisoned as a *deserter*. He may have made himself liable for the customary charge exacted in such cases under the usage which is set up, or to the payment of the wages given to a person employed to work in his stead, during the eight days, if any one had been employed for that purpose, which is not the case.

He cannot be treated as a deserter from his ship during the voyage, under the United States Act of 1790, because no entry of his having quitted the ship without leave was made in the ship's log-book, and when arrested he had not been absent from the ship forty-eight hours. In fact he had not been absent twenty-four hours.

In my opinion, he cannot be treated as a deserter under the general maritime law, because it is not satisfactorily proved that he left the ship with the *intention* to desert. Assuming that a binding usage or custom has been shown, he was not liable to be arrested as a deserter, under the general maritime law, simply because he went on shore without leave, unless he intended to desert, which in my opinion he did not, from the facts of the case as they appear before me.

The main ground upon which he is entitled, in my opinion, to be discharged, is that the ship having arrived within the harbor and been anchored in a place of safety, the cruise for which Evans shipped was ended, so far at least that he could not, for quitting the ship without leave, be arrested and imprisoned as a deserter.

C. C. Harris, Esq., for petitioner.

A. B. Bates, Esq., for master.